0577

Dorothy Naylor ALEXANDER, Committee for Bertha Naylor Walden, a/k/a Bertha Cecil Walden, a Person Non Compos Mentis, and By Her Guardian *Ad Litem*, David G. Ingalls, Appellants, v. Clifford M. WALDEN, Sr. and The First National Bank of South Carolina as Trustee of Bertha Cecil Walden, Irrevocable Trust, Respondents.

(337 S. E. (2d) 241)

Court of Appeals

*Arthur H. McQueen, Jr.*, Spartanburg, *for appellants.*

*Richard H. Rhodes* and *Robert A. Hammett*, Spartanburg, *for respondents.*

Heard Sept. 16, 1985.

Decided Nov. 14, 1985.

GARDNER, Judge:

This action was brought by Dorothy Alexander (Dorothy), as committee for Bertha Walden (Bertha) to impose a constructive trust upon certain funds held by Clifford M. Walden (Clifford) and to declare invalid a trust established by Bertha. The alleged grounds for the relief sought was the undue influence exerted by Clifford on Bertha. The matter was referred to a master who denied all the relief requested and additionally recommended that a will executed by Bertha, who is still alive, be declared to be her valid will. The master's report was confirmed by the circuit court. We affirm in part and reverse in part.

## FACTS

This action was brought on behalf of Bertha Walden, a person non compos mentis, by Dorothy, the natural daughter of and committee for Bertha and David Ingalls, as Guardian *ad litem* for Bertha.

Almost three years before Bertha was declared non compos mentis, she executed a will dated April 7, 1975. Bertha's husband, a doctor, died a week after she executed her will. He devised her, *inter alia*, $10,000 in cash. Shortly after her husband's death, Bertha made a gift of $10,000 to Clifford and his family.

In December of 1976, Bertha executed an irrevocable trust naming the First National Bank of South Carolina in Spartanburg as the trustee. This trust agreement provides that in the event Bertha is unable to properly handle her own affairs, the trustee is allowed sole discretion in paying for Bertha's medical care, comfortable maintenance and welfare and that upon Bertha's death the trustee is directed to pay the trust funds to the estate.

In 1977, Bertha was placed in a nursing home and a few months later Dorothy was appointed as her committee. Dorothy liquidated all of Bertha's personal property and a life estate in her home place for $31,000.

Until March of 1981, Dorothy forwarded the monthly nursing home bill to the trustee Bank, which paid them; but in March 1981 the trustee Bank notified Dorothy that she as committee would have to pay the medical bills as long as there were any committeeship funds which were available. The bank's action brought about this suit by which Dorothy sought to require the trust fund to continue paying the nursing home and medical payments and in the alternative to have the trust set aside, or to have the trustee replaced. Dorothy alleged that the gift to Clifford and the establishment of the trust were the result of undue influence exercised by Clifford over Bertha.

The issues on appeal are whether (1) there is any evidence to support the master's and the circuit court judge's concurrent findings that Clifford did not breach a fiduciary duty or exert undue influence upon Bertha to cause her to (a) establish the irrevocable trust and (b) make a $10,000 gift to Clifford, (2) there is any evidence that Bertha was competent to execute the trust, (3) the trustee breached its duty when it refused to continue paying Bertha's nursing home bills and (4) the master and the circuit judge erred in adjudicating the validity of Bertha's will, who was, as set forth, still alive at the time of the hearing.

I.

The law is well settled that where a declaration of a trust is procured by undue influence it is invalid and unenforceable, but the influence exerted must be undue and operate to such a degree as to amount to coercion. It

is the kind of mental coercion which destroys the free agency of the creator of the trust and constrains him or her to do that which is against his or her will and what he or she would have not done if he or she had been left to his or her own judgment and volition. 89 C.J.S. *Trusts* § 76 (1955).

In addition to the above rule, where the contestants introduce testimony, as they did in this case, raising a presumption of undue influence by a beneficiary sustaining a confidential or fiduciary relationship toward a person making a will or establishing a trust, the issue should be submitted to the trier of fact. *Byrd v. Byrd*, 279 S. C. 425, 430, 308 S. E. (2d) 788, 791 (1983).

With these two rules in mind, we address the first question, which in reality is whether there was evidence to support the findings of fact made by the master and concurred in by the trial judge when he issued the appealed order. Since the trial judge concurred in the findings of the master, the "two judge" rule is applicable; this rule binds this court to the findings of fact made by the master and concurred in by the trial judge unless they are found to be without evidentiary support or against the clear preponderance of the evidence. *Continental Mortgage Investors v. Quail Run Associates*, 280 S. C. 409, 412, 312 S. E. (2d) 272, 274 (Ct. App. 1984). We find from the record that there is no dearth of evidence to support the finding of fact made by the master and concurred in by the trial judge. We therefore hold that this question is without merit.

## II.

The record is replete with evidence that, at the time the trust was executed, Bertha was competent. This question is frivolous and without merit; we so hold.

## III.

The trial judge found that the evidence of the committee's monthly income from social security and other income, such as dividends, justified the trustee in requiring the committee to pay the monthly nursing home bill. We agree and hold that this question has no merit.

## IV.

The appealed order was erroneous in holding that the will of Bertha was valid. Bertha was alive at the time the appealed order was issued. Judicial proceedings to probate a will while the testator is living are unheard of in this country or in England. In this State a court does not have the power to entertain a suit for the establishment or annulment of a will of a living testator. The ambulatory nature of a will, and the absence of parties in interest, which result from the rule that a living person has neither heirs nor legatees, render impossible the assumption that a court has power to determine the validity of a will prior to the death of the maker. 79 Am. Jur. (2d) *Wills* § 851 (1975).

For the reasons given the appealed order is reversed insofar as it declared Bertha's will to be valid and affirmed in all other respects.

Affirmed in part and reversed in part.

SANDERS, C. J., and GOOLSBY, J., concur.